UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **KEITH BELL,** | |
|  **Plaintiff,** | |
| **v.** | **Case No. 1:19-cv-01219-RP** |
| **CHRISTOPHER MANHERTZ,** | |
|  **Defendant.** | |

**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

Plaintiff, Keith Bell ("Plaintiff"), respectfully responds to the Court's Order to Show Cause [DE 7] and respectfully requests that the Court grant Plaintiff until May 8, 2020 to effectuate service on Defendant, Christopher Manhertz ("Defendant"), and states:

1. A defendant must be served with a summons within 90 days after the complaint is filed, otherwise "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Even "[i]f good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

2. Plaintiff filed his Complaint [DE 1] in this action on December 17, 2019, and a and Summons [DE 4] was issued as to Defendant on the same day.

3. Pursuant to Rule 4(m), Plaintiff was required to effectuate service on Defendant no later than March 16, 2020. *See* Fed. R. Civ. P. 4(m).

1

4. On December 17, 2019 Plaintiff served Defendant with a Notice of Lawsuit and Request to Waive Service of a Summons ("Request to Waive"), pursuant to Fed. R. Civ. P. 4(d), via FedEx Express. The Request to Waive, along with shipping label and FedEx's proof of delivery are attached as Exhibit A.

5. Although Defendant did not return an executed waiver of service within the 30 days as requested in Plaintiff's Request to Waive. However, given the spirit of Rule 4(d) and the many holidays celebrated between December 17th and January 17th, Plaintiff decided to give Defendant the continued opportunity to waive service for about another month. *See* Fed. R. Civ. P. 4(d)(1)(F) ("The notice and request must: … give the defendant a reasonable time of *at least* 30 days after the request was sent … to return the waiver" (emphasis added)).

6. In middle to late February of 2020, Plaintiff's counsel became informed of past communications between Plaintiff's prior counsel and Defendant's then attorney. It was the first time Plaintiff's counsel learned that Defendant had been represented by an attorney in connections with these claims. Again, Plaintiff decided to hold off attempting service and made multiple attempts calling the attorney that had represented Defendant, and left message with an assistant of his requesting a call back. Unfortunately, the attorney that had represented Defendant did not return these calls.

7. As a result of Plaintiff's repeated attempts to allow Defendant to enjoy the benefits conferred by waiving service, the March 16, 2020 service deadline quickly approached, as state and local governments began taking a series of escalating actions to deal with the scary new reality of the COVID-19/Coronavirus pandemic. *See generally* Miami-Dade County Emergency Order 12-20, attached as Exhibit B.

8.     In the transition of Plaintiff's counsel's staff to working from home, the deadline was inadvertently missed, and the mistake went unnoticed.

9.     Plaintiff's failure to timely serve Defendant was a result of good cause, attempting to agree to waiver and transitioning staff to the new work realities. The extension will not result in undue delay and no party will be prejudiced. However, Plaintiff could potentially be prejudiced by dismissal of this action and loss of its filing date.

10.    Plaintiff respectfully request that he be granted an additional 14 days from the date of this Response, or May 8, 2020, to serve Defendant in this action.

WHEREFORE, Plaintiff respectfully requests until May 8, 2020 to effectuate service of the Summons and Complaint on Defendant.

Dated: April 25, 2020.

>                                     Respectfully submitted,
>                                     **MORGAN & MORGAN, P.A.**
>                                     **Business Trial Group**
>                                     703 Waterford Way, Suite 1050
>                                     Miami, Florida 33126
>                                     Tel: (305) 929-1922
>                                     Fax: (305) 929-1941
>
>
>                                     */s/ David Tamaroff*
>                                     **David F. Tamaroff, Esq.**
>                                     Florida Bar No. 92084
>                                     Email: dtamaroff@forthepeople.com
>                                     *Counsel for Plaintiff, Keith Bell*