IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KEITH BELL, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:19-CV-1219-RP |
| CHRISTOPHER MANHERTZ, | § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is Plaintiff Keith Bell's ("Bell") response to the Court's order to show cause as to why his claims against Defendant Christopher Manhertz ("Manhertz") should not be dismissed for failure to timely effectuate service. (Order, Dkt. 7; Resp., Dkt. 8). Bell notes that because of his "repeated attempts to allow [Manhertz] to enjoy the benefits conferred by waiving service, the March 16, 2020 service deadline quickly approached, as state and local governments began taking a series of escalating actions to deal with the scary new reality of the COVID-19/Coronavirus pandemic." (*Id.* at 2). When Bell's counsel transitioned to working from home, "the deadline was inadvertently missed, and the mistake went unnoticed." (*Id.* at 3). Bell now asks the Court to grant him an extension until May 8, 2020, to serve Manhertz. (*Id.*).

Under Federal Rule of Civil Procedure 4(m), when a plaintiff fails to serve a defendant within the 90-day period the district court has two choices: It may either "dismiss the action without prejudice . . . or direct that service be effected within a specified time." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). If the plaintiff shows good cause for failing to effectuate timely service, the court "must extend the time for service for an appropriate period." Fed. Civ. R. P. 4(m). Proof of good cause requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). Additionally, some "showing of good

faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required." (*Id.*). Even so, the district court has discretion to extend the time for service "when a plaintiff fails to show good cause." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

The Court is unpersuaded that Bell's counsel has satisfied the good cause requirement. He merely notes that he inadvertently missed the service deadline after transitioning to work from home. (Resp., Dkt. 8, at 3). At best, Bell's error "amounts to inadvertence or mistake of counsel, both of which fail to meet the excusable neglect threshold." *Cullum v. Siemens*, No. SA-12-CV-49-DAE, 2014 WL 541233, at *3 (W.D. Tex. Feb. 10, 2014) (citing *Thrasher*, 709 F.3d at 511).

Nevertheless, even when good cause is lacking, the court must decide whether to exercise its discretion to extend the time for service. *Id.* Here, there is no clear record of delay[1] or contumacious conduct and the failure to timely serve Manhertz is attributable to Bell's counsel, not Bell himself. For these reasons, and the unprecedented circumstances created by the COVID-19 pandemic, the Court will exercise its discretion and extend Bell's time to serve Manhertz until May 8, 2020. Should Bell's counsel need further extensions in light of the difficulties presented by the COVID-19 pandemic, he is advised to request such extensions before the relevant deadlines pass.

---

[1] Pursuant to Rule 4(m), Bell was required to serve Manhertz by March 16, 2020. Approximately one month after the deadline had passed, the Court ordered Bell to show cause as to why his lawsuit should not be dismissed for failure to effectuate timely service. (Order, Dkt. 7). Bell filed his response to the show cause order five days later. (Resp., Dkt. 8).

Accordingly, **IT IS ORDERED** that Bell's request to extend time to serve Manhertz is **GRANTED**.

**IT IS FURTHER ORDERED** that Bell shall serve Manhertz by **May 8, 2020**.

**SIGNED** on April 27, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE